Kerry O'Connor
P.O. Box 15183
Phoenix, Arizona 85060
602-600-7723
BHTKerryO@Gmail.com
In Propria Persona

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KERRY O'CONNOR,<br><br>  Plaintiff,<br><br>vs.<br><br>SOUL SURGERY, LLC., AN ARIZONA CORPORATION; JOHN MULLIGAN, AN INDIVIDUAL,<br><br>  Defendants. | Case No.: **CV22-00156-PHX-JJT**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This case arises out of Defendants Soul Surgery and John Mulligan's systemic and unlawful treatment of the named Plaintiff, and other similarly situated employees of Soul Surgery, for the denial of wage and overtime payments during work, meals, and break periods, wrongful and retaliatory termination, and Title VII violations.

2. For the reasons stated herein, Mr. O'Connor brings this individual and collective action for violation of the Fair Labor Standards Act (FLSA) pursuant to Section 16(b), 29 U.S.C. §216(b) on behalf of himself and the following class:

   - All employees who were, are, or will be employed by Defendants at its facilities located at, 14362 North Frank Lloyd Wright, Suite 1500, Scottsdale, Arizona, 85260, and various locations throughout Scottsdale, Arizona during the period of three years prior to the date of commencement of this action through the date of

COMPLAINT JURY TRIAL DEMANDED - 1

judgment in this action, who have neither been properly compensated for all of their hours worked nor paid time and one-half for hours in excess of forty (40).

3. Accordingly, Defendants are liable for the failure to pay the named Plaintiff and members of the putative collective class for all hours worked and time and one-half hours in excess of forty (40) at their regular rate.

4. Plaintiff, and all similarly situated employees who elect to participate in this action, seek unpaid compensation, an equal amount of liquidated damages, and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

5. Plaintiff incorporates paragraphs 1 through 4 as if pled verbatim herein.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367(a).

7. Venue is proper under 28 U.S.C. § 1391(a)(b) & (c) in the Phoenix division of the United States District Court, District of Arizona, because Defendants conducts business therein and the acts and omissions of which plaintiff complains occurred therein.

## III. PARTIES

8. Plaintiff incorporates paragraphs 1 through 7 as if pled verbatim herein.

9. KERRY O'CONNOR, ("Plaintiff", or "O'Connor") is a United States citizen, and is a resident of Maricopa County, Arizona., whose address is P.O. Box 15183, Phoenix Arizona, 85060. Phone: 602-600-7723. Plaintiff was employed by Defendants during the dates that gave rise to Plaintiffs claims.

10. Defendant, SOUL SURGERY LLC., ("Defendant") is an Arizona based corporation, whose address is: 14362 North Frank Lloyd Wright, Suite 1500, Scottsdale, Arizona, 85260. Phone: 833-568-6619. Defendant's statutory agent is: Michael Goldenburg,

COMPLAINT JURY TRIAL DEMANDED - 2

14362 North Frank Lloyd Wright, Suite 1500, Scottsdale, Arizona, 85260.

11. Defendant, John Mulligan, ("Defendant" or "Mulligan") claims sole proprietorship over Soul Surgery, LLC., in a response to the dispute filed by Plaintiff with the Industrial Commission of Arizona.

## IV. **FACTS**

12. Plaintiff incorporates paragraphs 1 through 11 as if pled verbatim herein.

13. On November 30th, 2020, Defendant hired O'Connor as a Behavioral Health Technician ("BHT") who worked at multiple facilities throughout Scottsdale, Arizona, at the rate of $15.50 per hour.

14. Plaintiff and other employees were directed not to leave the facility during break or lunch periods because BHTs have to work through, or during, such periods. Employees were NOT compensated for working during lunch and break periods,

15. During a January 2021, bi-weekly leadership meeting with other BHTs present, O'Connor reported his facility manager Rachelle Halloway to facilities director Stephen Bagnani for encouraging O'Connor and psychiatric patients to play an adult-themed game titled "What do You Meme?". The adult-themed topics ridiculed and harassed members with topics including, but not limited to: religion; ethnicity; age; sexual orientation; gender; and other readily identifiable groups. O'Connor reported this to management because the content was offensive, insulting, and inappropriate for the work environment, and most certainly, the patients under their care.

16. On January 28th, 2021, Defendants claim they issued O'Connor a check for $910.45 for employment spanning January 11th, 2021, through January 24th, 2021. O'Connor never received this check.

COMPLAINT JURY TRIAL DEMANDED - 3

17. The next day, Plaintiff received a call from BHT Operations Director Alaina Fountain ("Fountain") who informed O'Connor he was terminated, effective immediately, stating the termination was due to "performance issues". At this time, Plaintiff was not, nor had been, informed as to any performance deficiencies. Conversely, Fountain then offered to provide a positive work reference for O'Connor. Plaintiff's last day at work was January 24th, 2021.

18. On February 15th, 2021, Plaintiff filed a Dispute Determination for Wage Claim with the Labor Department of the Industrial Commission of Arizona ("ICA"), in case No. WC-2021-1899, seeking redress for unpaid wages, in addition to applicable violations of state law including violations of Title 7 of the Civil Right Act of 1964.

19. On August 30th, 2021, the ICA rendered a decision in the matter, as follows:

- *"Employer provided the January 28, 2021 pay record as evidence, however, **did not provide a copy of a cancelled check or other documentation that the payment was received by claimant**."[emphasis added]*
- *"Claimant disputes the validity of the January 28, 2021 pay record document and contends that the funds were not received as stated on the document."*
- *"The department does not have sufficient evidence from the investigation in order to render a decision in this matter".*
- *"A dispute exists between the parties regarding the January 28th, 2021 pay record of check number 1396302005 for $1,034.63 gross wages plus $27.00 mileage reimbursement pay."*
- *"NOTICE TO THE CLAIMANT: Pursuant to the provisions of A.R.S. § 23-358(B), the Claimant may attempt to recover the amount of wages claimed to be due by instituting a civil action pursuant to section 23-355."*

20. On November 22nd, 2021, O'Connor filed a charge of discrimination, harassment, and retaliation with the Equal Employment Opportunity Commission. This charge has met the threshold for investigation, and therefore is pending under case number 540-2022-00709.

//

COMPLAINT JURY TRIAL DEMANDED - 4

21. By this Complaint Plaintiff seeks compensatory and liquidated damages for the harms resulting from Defendants' abusive and illegal actions; punitive or exemplary damages to deter Defendants from maintaining their illegal practices and from repeating such unlawful conduct in the future; and, injunctive and declaratory relief.

22. For the reasons stated herein, Plaintiff brings claims against the above captioned Defendant's for violations of the FLSA, Title VII, and related state and federal laws.

### V. Claims For Relief
(*Individual and Collective Claims*)

23. Plaintiff incorporates paragraphs 1 through 22 as if pled verbatim herein.

24. Plaintiff was denied his paycheck and travel costs in violation of the FLSA. Paychecks are due on payday. An employer's delayed payment of wages is a violation of the FLSA. Biggs v. Wilson, 1 F.3d 1537, 1544 (9th Cir. 1993).

25. Plaintiff and similarly situated employees were not compensated for working through meal and break periods. This constitutes the failure to pay overtime wages. Ninth Circuit courts analyzing the FLSA hold that "[a]n employee cannot be docked for lunch breaks during which he is required to continue with any duties related to his work." Brennan v. Elmer's Disposal Serv., Inc., 510 F.2d 84, 88 (9th Cir. 1975); Biggs v. Joshua Hendy Corp., 183 F.2d 515 (9th Cir. 1950); Mills v. Joshua Hendy Corp., 169 F.2d 898 (9th Cir. 1948); 29 C.F.R. §785.19.

26. Plaintiff was retaliated against, and wrongfully terminated, for exposing work violations of Title VII and state law. Section 15(a)(3) of the FLSA states that it is a violation for any person to "*discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act*".

## VI. DEMAND FOR RELIEF

27. Wherefore, Plaintiff hereby requests the Court to conduct a mediated settlement conference or to refer the case to its Court annexed mediation program in order to assist the parties to bring about a settlement of this case, the cost of which shall be attributed to Defendants; or in the alternative Plaintiff hereby demands:

   a. An Order certifying this action as a collective action under the FLSA and designating the above Plaintiff as representative of all of those similarly situated.

   b. Allow Plaintiff, at the earliest time, to give notice of this collective action and Order delivery of such to all persons who are presently, or have at any time during the past three years immediately preceding the filing of this action, up through and including the date of this Court's issuance of a court-certified notice, been employed as employees of any Scottsdale facility. Such notice shall inform them that this civil action has been filed, of the nature of the FLSA overtime complaints action, and of their right to join this lawsuit if they believe they were subjected to FLSA overtime violations as set forth above.

   c. Award Plaintiff, and all those similarly situated, actual damages for unpaid wages, and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the collective as provided by FLSA § 216(b).

   d. Award Plaintiffs and all of those similarly situated pre and post judgment interest at the statutory rate as provided by the FLSA § 216(b).

   e. Award Plaintiffs and all of those similarly situated attorneys' fees, costs, and disbursements as provided by FLSA § 216(b).

   f. Allow Plaintiff's collective and individual claims to be tried by a jury.

COMPLAINT JURY TRIAL DEMANDED - 6

g. Award Plaintiff all declaratory and injunctive relief for both the collective and individual claims.

h. Award compensatory, punitive, liquidated, and all other damages allowed in law or in equity.

i. Such additional and further relief as this Court deems equitable and just.

Dated this 27th day of January, 2022.

*/s/ Kerry O'Connor*
Kerry O'Connor
Plaintiff, Pro Se