Deanna R. Rader (SBN 020448)
Jamie L. Mayrose (SBN 024190)
RADER MAYROSE, LLP
812 North Second Avenue
Phoenix, Arizona 85003
Telephone: (602) 384-2292
drader@radermayrose.com
jmayrose@radermayrose.com

Attorneys for Defendant
Soul Surgery, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kerry O'Connor, | Case No.: CV22-00156-PHX-JJT |
| Plaintiff, | |
| vs. | MOTION TO DISMISS |
| Soul Surgery, LLC, an Arizona corporation; John Mulligan, an individual, | |
| Defendants. | |

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant Soul Surgery, LLC ("Soul Surgery") moves for the dismissal of certain claims for lack of jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff's complaint fails to meet the pleading standard set forth in Rule 8(a)(2) as it lacks factual allegations sufficient to show a plausible claim for relief. Even if it did, this Court lacks jurisdiction over Plaintiff's claims for discrimination and/or retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") as Plaintiff's Charge is currently pending before the EEOC, which has not issued a notice of right to sue. Finally, Plaintiff's attempt to bring a collective action under the Fair Labor Standards Act ("FLSA") is improper as

Plaintiff has appeared *pro se* and is unable to represent others. Thus, Plaintiff's Title VII claims, FLSA collective action, and claim for unpaid overtime, break or lunch periods should be dismissed. In compliance with the Court's March 3, 2022 Order, a separate Certification of Conferral has been filed contemporaneously herewith.

**I.    Legal Argument**

    **A.    The Complaint fails to meet the *Twombly/Iqbal* pleading standard.**

Rule 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). This is required to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint must include "more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). For a claim to have facial plausibility, the complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff has brought several claims in his complaint, *inter alia,* personal claims for overtime, unpaid break or lunch periods, discrimination, harassment, and retaliation. These claims do not include factual allegations sufficient to raise a right to relief above a speculative level. Plaintiff's overtime claim is based on conclusory allegations, included in the "Introduction." Plaintiff alleges he is bringing an individual and collective action for not being paid "time and one-half for hours in excess of forty (40)" and that "Defendants are liable for the failure to pay the named Plaintiff . . . for all hours worked and time and one-half hours in excess of forty (40) at their regular rate." Compl. ¶¶ 2-3. Plaintiff ties his overtime claim to his claim for unpaid lunch breaks by alleging that he was not compensated for working through meal and break periods, which "constitutes the failure

to pay overtime wages." *Id.* ¶ 25. Plaintiff does not include any other factual allegations that would demonstrate a plausible claim to relief. There are no factual allegations supporting the hours worked each workweek, when he allegedly worked more than 40 hours a workweek, identifying who directed him not to leave the facility or required him to work through lunch, the length of the break or lunch periods, or that he actually performed services or was required to perform services during his lunch break. The factual allegations are insufficient to "raise a right to relief above a speculative level."

Likewise, Plaintiff's claims for discrimination and harassment are based on conclusory allegations. Plaintiff claims he was encouraged "to play an adult-themed game titled 'What do You Meme?'," which allegedly "ridiculed and harassed members with topics including, but not limited to: religion; ethnicity; age; sexual orientation; gender; and other readily identifiable groups." Compl. ¶ 15. He alleges he filed a claim with the Industrial Commission of Arizona "seeking redress for unpaid wages, in addition to applicable violations of state law, including violations of Title 7 of the Civil Right Act of 1964" and a charge of discrimination, harassment and retaliation with the Equal Employment Opportunity Commission. *Id.* ¶¶ 18, 20. There are no other allegations regarding any alleged discrimination or harassment.

Even assuming these allegations are true, they are insufficient to state a claim for discrimination or harassment. To establish disparate treatment discrimination claim under Title VII, Plaintiff must allege that he belongs to a protected class, he was qualified for his position, he was subject to an adverse employment action, and similarly situated employees outside his protected class were treated more favorably. *See Davis v. Team Elec. Co.,* 520 F.3d 1080, 1089 (9th Cir. 2008). But Plaintiff has not alleged he is a member of a protected class or that he was treated differently than other similarly situated employees not of the same protected class. Compl. ¶¶ 15, 18, 20 There are no allegations supporting any alleged discrimination and his claim for discrimination should be dismissed.

Plaintiff's harassment claim is equally flawed. To establish a claim for harassment,

a plaintiff must allege (1) he was subjected to verbal or physical conduct because of his protected class, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive work environment. *See Manatt v. Bank of Am.,* 339 F.3d 792, 798 (9th Cir. 2003). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment— an environment that a reasonable person would find hostile or abusive— is beyond Title VII's purview." *See Harris v. Forklift Systems, Inc.*, 510 U. S. 17, 21 (1993). The only allegation supporting Plaintiff's harassment claim is that he was encouraged, not required, to play a game he finds offensive for assorted reasons. Compl. ¶ 15. He does not allege he was encouraged to do so because of his protected class and, even if he were, such encouragement is not sufficiently severe or pervasive to establish a claim for harassment. Thus, he has failed to plead sufficient facts to establish a claim of harassment.

### B.     Plaintiff has failed to exhaust his administrative remedies under Title VII.

Even if Plaintiff had sufficiently pled his Title VII claims, this Court lacks jurisdiction, as Plaintiff failed to exhaust his administrative remedies prior to filing suit. An employee is required to exhaust his administrative remedies prior to filing a civil action. *See* 42 U.S.C. § 2000e-5(f)(1). There are two jurisdictional prerequisites to an action under Title VII: (1) filing timely charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and (ii) receiving and acting upon the EEOC's statutory notice of the right to sue. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). Plaintiff's failure to meet these jurisdictional prerequisites deprives this Court of jurisdiction.

Plaintiff has alleged that he filed a charge of discrimination, harassment, and retaliation on November 22, 2021, and that the charge is "pending." Compl. ¶ 20. Plaintiff does not allege (and cannot allege) that the EEOC completed its investigation or issued a statutory notice of right to sue. It has not. Because Plaintiff has not met the second

jurisdictional prerequisite to file any claims for discrimination and retaliation under Title VII, all such claims should be dismissed.

### C. Plaintiff cannot bring a collective action on behalf of other employees.

Plaintiff has a statutory right to plead and conduct his own case personally. 28 U.S.C. § 1654. This statutory right is personal to Plaintiff and does not extend to other parties or entities. *See McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966). This is true even when a *pro se* plaintiff seeks to bring an FLSA collective action suit. *See, e.g., Hernandez v. PGA Holdings LLC*, No. CV-19-04733-PHX-DWL, 2020 U.S. Dist. LEXIS 93069, at *5 n.2 (D. Ariz. May 28, 2020)(explaining *pro se* plaintiff cannot represent other employees after counsel withdrew); *Koch v. CHS Inc.*, 2012 U.S. Dist. LEXIS 174023, 2012 WL 6093891, *2 (D. Idaho 2012) (general rule "holds true for pro se plaintiffs seeking to bring collective action suits under the FLSA"); *Morgovsky v. AdBrite, Inc.*, No. C10-05143-SBA, 2012 U.S. Dist. LEXIS 62951, 2012 WL 1595105 *4 (N.D. Cal. May 4, 2012) (denying pro se plaintiff's motion to bring a collective action under the FLSA and dismissing collective action claims); *Spivey v. Sprint/United Mgt. Co.*, No. 04-2285-JWL, 2004 U.S. Dist. LEXIS 26269, 2004 WL 3048840 (D. Kan. Dec. 30, 2004) (holding that a claim under 29 U.S.C. § 216(b) cannot be brought by a pro se plaintiff). Because Plaintiff is a *pro se* litigant, he cannot pursue claims on behalf of other Soul Surgery employees in a representative capacity. Accordingly, the collective action claim must be dismissed.

### II. Conclusion

The Complaint fails to meet the *Twombly/Iqbal* standard. It is lacks factual allegations sufficient to demonstrate Plaintiff has plausible claims against Soul Surgery or that Soul Surgery is liable for the unpaid lunch periods, breaks, and overtime claims or the Title VII claims. Even if the Complaint was sufficiently pled, the jurisdictional prerequisites for filing Title VII claims have not been met, depriving this Court of jurisdiction over such claims. And as a *pro se* litigant, Plaintiff cannot represent other employees in a collective action under FLSA. For these reasons, Plaintiff's FLSA claims

for unpaid lunch periods, breaks, and overtime, the FLSA collective action, and Title VII claims should be dismissed.

Dated this 7th of June, 2022.

RADER MAYROSE LLP

By_s/ Deanna R. Rader_____
   Deanna R. Rader
   Jamie L. Mayrose

Attorneys for Defendant
Soul Surgery, LLC

I hereby certify that on June 7, 2022 I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kerry O'Connor
P.O. Box 15183
Phoenix, AZ  85060
BHTKerryO@gmail.com
*Plaintiff*


s/ Deanna R. Rader_____