**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kerry O'Connor, | No. CV-22-00156-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Soul Surgery LLC, *et al.*, | |
| Defendants. | |

At issue are Defendant Soul Surgery's Motion to Dismiss Count B of Amended Complaint (Doc. 38), Defendant John Mulligan's Motion to Dismiss Amended Complaint (Doc. 39), and *pro se* Plaintiff Kerry O'Connor's Motion for Leave to File Second Amended Complaint (Doc. 47). The Court laid out the background facts of this case in its prior Order (Doc. 36) and will not repeat them here.

**I.      Soul Surgery's Motion to Dismiss**

In its Motion to Dismiss (Doc. 38), Soul Surgery argues that the Court must dismiss Plaintiff's Title VII claim (Doc. 37, Am. Compl. Count B) because, according to the allegations in the Amended Complaint, Plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within the statutory time limit or receive a right to sue letter from the EEOC. To seek relief under Title VII, a plaintiff must first exhaust any administrative remedy available under 42 U.S.C. § 2000e-5 by filing a charge with the EEOC. *Surrell v. Ca. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). In an instance such as this one, the plaintiff must file the charge of discrimination

within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The EEOC must issue a right-to-sue letter before the plaintiff can file a Title VII suit. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); 42 U.S.C. § 2000e-5(f)(1). "[T]he EEOC is required to issue a right-to-sue letter 180 days after it assumes jurisdiction over a timely charge." *Salfingere v. Latex*, 971 F. Supp. 1308, 1309 (D. Ariz. 1997) (citing 42 U.S.C. § 2000e-5(f)(1)).

Here, Plaintiff now proposes to allege that he filed the charge of discrimination with the EEOC on November 23, 2021. (Doc. 47-1, Proposed Second Am. Compl. (SAC) ¶ 33.)[1] Plaintiff alleges that Defendants engaged in discriminatory retaliation on January 28, 2021, by terminating his employment. (Proposed SAC ¶ 25.) Plaintiff thus proposes to adequately allege that he filed the charge of discrimination within the statutory time limit, 300 days, after he was terminated.

As for the right to sue letter, on February 4, 2023, Plaintiff filed with the Court a Notice (Doc. 50) that the EEOC finally issued the right to sue letter on February 3, 2023. "[T]he requirement of a right-to-sue letter is curable after commencement of the action." *Salfingere*, 971 F. Supp. at 1309. Plaintiff has now partially cured the defect Soul Surgery identified by filing the EEOC's right to sue letter, and the Court will grant Plaintiff leave to further amend the latest proposed amended pleading to allege receipt of the EEOC right to sue letter. Taking Plaintiff's allegations as true for the purpose of resolving Soul Surgery's Motion to Dismiss, the Court will deny the Motion to Dismiss (Doc. 38).

## II. Mulligan's Motion to Dismiss

In his Motion to Dismiss (Doc. 39), Mulligan contends that Plaintiff's allegations are insufficient to hold him individually liable under the Fair Labor Standards Act (FLSA) (Am. Compl. Count A) or Title VII (Am. Compl. Count B). While Mulligan is the sole

---

[1] In the original Complaint, Plaintiff alleged he filed a charge of discrimination with the EEOC on November 22, 2021. (Doc. 1, Compl. ¶ 20.) In the Amended Complaint, Plaintiff alleged he filed the charge of discrimination with the EEOC on January 27, 2022. (Am. Compl. ¶ 33.) Plaintiff now proposes to allege he filed the charge of discrimination on November 23, 2021 (Proposed SAC ¶ 33). The Court addresses the allegations in the Proposed SAC—and therefore Plaintiff's Motion to Amend (Doc. 47)—at the same time it examines the prior pleadings, as a matter of efficiency in resolving the pending motions.

owner and Chief Executive Officer of Soul Surgery, he argues that more is required to hold him individually liable under the FLSA and he cannot be held liable under Title VII.

Only "employers" are liable for FLSA violations. 29 U.S.C. § 216(b). The Act defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit has held the definition "is to be given an expansive interpretation." *Lambert v. Ackerley*, 180 F.3d 997, 1011–12 (9th Cir. 1999).

Where a corporate officer "exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the Act and is subject to liability." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (internal quotations omitted). The Ninth Circuit applies a four-factor "economic reality" test that considers whether the individual (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *disapproved of on other grounds*. These factors are not exclusive or "etched in stone," and no one factor is controlling. *Id.* The existence of an employer-employee relationship depends upon the relationship and the circumstances as a whole. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

In the Proposed SAC, Plaintiff alleges Mulligan "maintains control over the finances, nature, and structure of the company," "maintains a special supervisory relationship over employees and program development based on his 15 years of experience in the industry," and "has direct and vicarious responsibility for . . . training, supervision, and treatment of clients and employees." (Proposed SAC ¶ 8.) As the allegations touch on Mulligan's supervision of Soul Surgery's employees and management of its finances—plausibly including employee pay—and also touch on training of employees, the Court finds the allegations sufficient to state an FLSA claim against Mulligan, if barely. While discovery and evidence presented at summary judgment may ultimately reveal that

Mulligan did not exercise the requisite control to be held liable under the FLSA, this matter is still in the pleading stage. Accordingly, taking Plaintiff's allegations as true, the Proposed SAC asserts sufficient allegations to make it plausible that Mulligan was Plaintiff's employer under the FLSA.

Individual corporate officer liability under Title VII is not the same. "[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." *Pink v. Modoc Indian Health Project*, 157 F.3d 1185, 1189 (9th Cir. 1998). In his Motion, Mulligan also points out that the alter ego doctrine would not provide a basis to find him individually liable under Title VII. (Doc. 39 at 6.)

In his Response, Plaintiff makes clear that he is proceeding not under an alter ego theory of liability but by way of the *respondeat superior* doctrine, albeit without any citation to legal authority. (Doc. 44 at 3–4.) That doctrine is equally unavailing. While Title VII and the supporting case law provide that an employer—Soul Surgery—is vicariously liable for the acts of a supervisor, it does not provide for individual liability on behalf of the employer. *See, e.g.*, *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993). The Court will therefore dismiss Plaintiff's Title VII claim against Mulligan with prejudice.[2]

### III. Plaintiff's Motion to Amend

For the reasons discussed above, the Court will grant Plaintiff's Motion to Amend (Doc. 47) and permit Plaintiff to file the Second Amended Complaint on the docket, with the additions identified above.

**IT IS THEREFORE ORDERED** denying Defendant Soul Surgery's Motion to Dismiss Count B of Amended Complaint (Doc. 38).

---

[2] In his Response, Plaintiff also complains that counsel for Mulligan only appeared by way of the filing of the Motion to Dismiss. (Doc. 44 at 2-3.) In this District, "[t]he filing of a an initial pleading or motion counts as an appearance such that no separate notice is required." *Stuart v. McMurdie*, No. CV-10-00044-PHX-ROS, 2010 WL 1759448, at *2 (D. Ariz. Apr. 30, 2010) (internal citation omitted).

1   **IT IS FURTHER ORDERED** granting in part and denying in part Defendant John Mulligan's Motion to Dismiss Amended Complaint (Doc. 39). Count B against Mulligan is dismissed with prejudice, but Count A remains pending.

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 47). Plaintiff shall further amend the Proposed Second Amended Complaint (Doc. 47-1), but only as follows: (1) to remove Mulligan as Defendant to Count B, and (2) to allege receipt of the EEOC Right to Sue Letter (*see* Doc. 50). Plaintiff shall file the revised Second Amended Complaint on the docket by May 26, 2023.

Dated this 11th day of May, 2023.

Honorable John J. Tuchi
United States District Judge